ELEANOR M. WHITTINGTON *vs.* PHILADELPHIA, BALTIMORE AND
WASHINGTON RAILROAD COMPANY, a corporation duly created
by and existing under the laws of the State of Delaware.

1. CARRIERS—INJURIES TO PASSENGER—PLEADING—PLAINTIFF'S RELA-
TION.

Where a complainant for injuries to a passenger specifically alleged that
plaintiff was a passenger at the time she was injured by defendant's negligence,
plaintiff's relation was sufficiently alleged, without a further averment as to
whether she was a passenger for pay, or by invitation, courtesy, or permis-
sion of defendant, without pay.

2. CARRIERS—INJURIES TO PASSENGER—EJECTION FROM TRAIN—DECLA-
RATION.

A declaration alleging that, while plaintiff was a passenger on defend-
ant's train, she was struck by one of defendant's servants, acting within the
scope of his employment, sufficiently alleged defendant's liability for the
assault.

(*October* 26, 1914.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*James M. Satterfield* and *W. Watson Harrington* for plaintiff.

*George M. Jones* for defendant.

Superior Court, Kent County, October Term, 1914.

ACTION ON SUMMONS CASE (No. 25, April Term, 1914) by
Eleanor M. Whittington against the Philadelphia, Baltimore and
Washington Railroad Company for personal injuries to plaintiff
as a passenger on defendant's train. On general and special
demurrers to each count of the declaration. Overruled.

For trial, see *post.*

PENNEWILL, C. J., delivering the opinion of the court:

In several counts of her declaration filed in this case the
plaintiff has averred that she was, at the time of receiving the
injuries complained of, a passenger of the defendant company,
for transportation on a train running from Clayton to Smyrna in
this county.

[1] The defendant demurred generally and specially to each
of said counts, the ground or cause of its objection being that
the plaintiff's relation of passenger is not sufficiently averred.
It is contended that the true character of that relation should be
stated, whether it be that of passenger for pay, or passenger by
invitation, courtesy or permission of the defendant without pay.

Undoubtedly it should appear to the court from the plaintiff's narr. that she was not a trespasser on defendant's train at the time of her injury, and the averment that she was a passenger is we think a sufficient statement of that fact.

But it is not essential that the declaration should state specifically the character of the passenger's relation, whether for pay or otherwise, because if she was lawfully and rightfully on the train as a passenger, and was injured on account of the defendant's negligence, she would be entitled to recover. In such case the defendant owed the plaintiff some duty and was required to exercise some care and circumspection in her transportation. Even though the degree of care required would depend upon the character of the passenger's relation, whether for pay or without pay, upon which question we express no opinion, still the court are clear that the plaintiff was not required, in her declaration, to show what degree of care should have been exercised. If by the plaintiff's relation to the defendant some duty was imposed and some care required, and by reason of the failure of the defendant to perform that duty and exercise that care the plaintiff was injured, then the liability of the defendant is sufficiently averred and the pleading is sufficient.

[2] There is a further objection to the seventh, eighth and tenth counts, in that the allegation, "that the striking of the plaintiff after she was ejected from the train and that the person in charge of the train was acting within the scope of his employment when the later assault took place," fails to show any liability on the part of the railroad company.

It is averred that the person who struck the plaintiff was at the time a servant of the defendant, and acting within the scope of his employment. It is further averred that the plaintiff was at the time a passenger of the defendant company. Containing these averments, the court are of the opinion that the counts are sufficient and the demurrers are overruled.

The cases cited by the defendant do not seem to be inconsistent with the conclusions above stated.

The demurrers are overruled.